**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4686**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VALERIE LOUISE WILLIAMS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., District Judge. (1:16-cr-00340-WO-6)

Submitted: June 21, 2018                    Decided: June 25, 2018

Before DIAZ and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Seth A. Neyhart, STARK LAW GROUP, PLLC, Chapel Hill, North Carolina, for Appellant. Matthew G.T. Martin, United States Attorney, Greensboro, North Carolina, Kimberly F. Davis, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valerie Louise Williams pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute a quantity of oxycodone, in violation of 21 U.S.C. § 846 (2012). The district court imposed a sentence of 18 months' imprisonment, 79 months below the bottom of Williams' advisory Sentencing Guidelines range. On appeal, Williams argues that her sentence is substantively unreasonable. We affirm.

We review a criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007); *see United States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017). Because Williams "does not claim that the district court committed any procedural error," our review "is limited only to [the] substantive reasonableness" of her sentence in light of "the totality of the circumstances." *United States v. Howard*, 773 F.3d 519, 528 (4th Cir. 2014) (internal quotation marks omitted). "Any sentence that is within or below a properly calculated Guidelines range is presumptively [substantively] reasonable. Such a presumption can only be rebutted by showing that the sentence is unreasonable when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) (citation omitted).

Williams argues that her sentence is greater than necessary to promote the goals of sentencing and that the court should have imposed a sentence similar to those of her codefendants. When selecting Williams' sentence, the court considered that, although Williams had a very significant leadership role, she ultimately followed the directions of the two individuals who ran the conspiracy. The court weighed heavily Williams'

2

voluntary participation in substance abuse treatment and her early withdrawal from the criminal conduct, but also noted that selling oxycodone is a very serious crime and that the need for deterrence is paramount. The court considered the sentences of Williams' codefendants but adequately distinguished Williams' particular circumstances. Ultimately, the court carefully evaluated the § 3553(a) factors and gave due consideration to Williams' arguments in mitigation when imposing the downward variant sentence. *See United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011) (observing that "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors").

Accordingly, we conclude that Williams has failed to rebut the presumption of reasonableness accorded her sentence and affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*